## UNITED STATES, to Use of ALBERT PIPE SUPPLY CO., INC., v. HARRIS HARMON WELL CO., INC., et al.

### No. 2375.

District Court, E. D. Pennsylvania.

Sept. 17, 1942.

Hubert J. Horan, Jr., of Philadelphia, Pa., for plaintiff.

MacCoy, Brittain, Evans & Lewis, of Philadelphia, Pa., for defendant American Surety Co.

GANEY, District Judge.

This is a motion for judgment on the pleadings.

The plaintiff avers that on September 12, 1940, Harris Harmon Well Company, Inc., one of the defendants (hereinafter called "Contractor") entered into a contract with the United States government for the drilling and casing of two certain wells at the Philadelphia Navy Yard for the sum of Twenty-five Thousand Four Hundred Seventy-six Dollars, and the American Surety Company of New York, the other defendant (hereinafter called "Surety") gave its bond to the United States in the penal sum of Twelve Thousand Seven Hundred Thirty eight Dollars for the protection of subcontractors and materialmen furnishing labor and material in the performance of the contract, in conformity with the Act of Congress known as the Miller Act, 40 U.S.C.A. § 270a. The plaintiff further avers that it supplied the Contractor with material necessary for the completion of the work amounting to Two Thousand Ninety-four and 47/100 Dollars in pursuance of the contract between them, which remains unpaid and for which this suit is brought; further the Contractor was adjudicated a bankrupt on January 5, 1942; that one year has not elapsed since the date of final settlement between the Contractor and the United States, since it is advised that settlement has not yet been completed.

The Surety filed an answer in which it stated that it was without knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the work and materials supplied by the plaintiff and the amount due and by way of affirmative defense and counterclaim that there has not been a final settlement of the contract; that other suits might be brought against the Surety within the provisions of the Act; that there were other claims presented to the Surety aggregating Eleven Thousand, Four Hundred Twenty seven and 68/100 Dollars; and that no judgment should be rendered in the matter until all the other claimants entitled to the benefits of the bond should be joined either as plaintiffs or defendants.

The sole reason assigned by the plaintiff in support of its motion for judgment is "that said affirmative defenses in said Answer * * * fails to set forth facts sufficient to constitute any defense to the cause of action set forth in the complaint". The plaintiff's motion can be disposed of by adverting to Rule 8(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which consists, inter alia: "If he is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial". The Surety here plainly stated that it is without knowledge or information to form a belief and accordingly the plaintiff's right to recover on that ground is challenged. Therefore, it is required to prove that it delivered the materials in accordance with the contract and that the prices sued on are fair and reasonable, and those which the Contractor agreed to pay. Since this disposes of the plaintiff's motion no reference need be made to the additional arguments by the Surety for its disposition.

The plaintiff's motion for judgment is denied.